UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Civil Action No. 23-1719 (APM) |

## ANSWER

Defendant, the United States Department of Justice ("Department"), by and through undersigned counsel, hereby responds to each numbered paragraph of Plaintiff America First Legal Foundation's Complaint (ECF No. 1), brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as follows:

1. This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

**Jurisdiction and Venue[1]**

2. This paragraph consists of Plaintiff's legal conclusions as to jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms and conditions of FOIA and pursuant to 5 U.S.C. § 552(a)(4)(B).

---

[1] Defendant replicates the headings contained in the Complaint for ease of reference. While Defendant believes that no response is required to these headings, to the extent that a response is

3. Defendant admits that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## Parties

4. This paragraph consists of Plaintiff's own characterization as to the nature and mission of its organization, to which no response is required, and to which Defendant lacks knowledge to form a basis as to the truth of the allegations of this paragraph.

5. Defendant admits the allegations contained in the first sentence of this paragraph. The allegations contained in the second sentence of this paragraph consist of legal conclusions to which no response is required.

## Background

6. This paragraph consists of Plaintiff's quotation from a Memorandum issued by the Attorney General, which is the best evidence of its own contents and to which no response is required. Defendant admits that the quoted language appears in the Memorandum.

7. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

8. Defendant admits that Plaintiff submitted a FOIA request to the Department's Office of Information Policy ("OIP"), dated January 3, 2023. Defendant also admits that Plaintiff's FOIA request sought a fee waiver. Defendant respectfully refers this Court to the FOIA request for a complete and accurate depiction of its contents and denies any allegations inconsistent therewith.

---

deemed required and, to the extent those headings could be construed to contain factual allegations, those allegations are denied.

9. Defendant admits that OIP[2] sent Plaintiff an acknowledgment letter, dated January 26, 2023. Defendant further admits that OIP provided tracking number FOIA-2023-00419 in reference to Plaintiff's initial request.

10. Defendant admits that Plaintiff sent OIP an email communication attached to Plaintiff's Complaint as Exhibit C on April 14, 2023. Defendant avers that this email communication is the best evidence of its contents and respectfully refers the Court to the email communications for a complete and accurate statement of its contents and denies any inconsistent allegations therein.

11. Defendant admits that OIP sent Plaintiff the email communication attached to Plaintiff's Complaint as Exhibit C on April 20, 2023. Defendant avers that the response is the best evidence of its content and respectfully refers the Court to the response for a complete and accurate statement of its contents and denies any inconsistent allegations therein.

12. Defendant admits that as of the date of the Complaint, OIP had not made a decision regarding Plaintiff's request for a fee waiver. Defendant avers that OIP's acknowledgment letter, dated January 26, 2023 and attached to Plaintiff's Complaint as Exhibit B, informed Plaintiff that "[a]ny decision with regard to the application of fees will be made only after we determine whether fees will be implicated for this request."

13. Defendant admits that at the time of this filing, it has not made a final determination with respect to Plaintiff's request.

**Claim for Relief**
**Violation of the FOIA, 5 U.S.C. § 552**

14. Defendant incorporates its responses to paragraphs 1-13 as if set forth fully herein.

---

[2] OIP processes FOIA requests for records from within, *inter alia*, the Offices of the Attorney General, the Deputy Attorney General, the Associate Attorney General, and Public Affairs.

15. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits that it is a federal agency.

16. This paragraph consists of a legal conclusion, to which no response is required. To the extent is required, Defendant admits that Plaintiff quotes the language of the FOIA. Defendant denies that it has failed to comply with its statutory obligations.

17. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

18. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

19. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

**Prayer for Relief**

The remaining paragraphs of the Complaint constitute Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

**DEFENSES**

**FIRST DEFENSE**

Plaintiff is not entitled to records or portions thereof that are exempt from disclosure and thus lawfully withheld pursuant to 5 U.S.C. § 552(b).

**SECOND DEFENSE**

Plaintiff failed to exhaust its administrative remedies.

**THIRD DEFENSE**

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs.

**FIFTH DEFENSE**

Plaintiff's FOIA request is improper because it does not reasonably describe the records sought as required by 5 U.S.C. § 552(a)(3)(A), and presents an unduly burdensome effort of review, redaction, and production for Defendant.

Defendant reserves the right to assert any additional defenses that may become evident in the course of these proceedings.

\* \* \*

Dated: September 13, 2023
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ *Brenda González Horowitz*
    BRENDA GONZÁLEZ HOROWITZ
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2512

*Attorneys for the United States of America*